# Ivan Prowattain, Plff. in Err., v. City of Philadelphia.

A right of way by necessity arises, not from mere necessity, but from a presumption of law, in the absence of any expression upon the subject, that the parties did not intend that land to which the owner had no access, should be retained or conveyed.

The words "The following damages are awarded, inclusive of all right and title . . . to . . . and all roads and highways," found in the report of a jury assessing damages for a taking of a portion of an estate by right of eminent domain, whereby the owner was cut off from access to a highway from his remaining land,—*Held*, to estop the owner from claiming a way by necessity over the land so taken.

(Decided February 8, 1886.)

Error to the Common Pleas No. 2, of Philadelphia County to review a judgment for defendant in an action for damages for obstructing a private way. Affirmed.

This action was brought by Ivan Prowattain against the city of Philadelphia, to recover damages arising from the obstruction of a right of way which he claimed by necessity over land forming part of Fairmount park. A nonsuit was entered and upon a rule to take it off, the following opinion was delivered in the court below:

FELL J.: The plaintiff's grantor was the owner of a valuable property, bordering on the Wissahickon, all of which, except about an acre of the most easterly portion, was included in the limits fixed for Fairmount park and taken for that purpose. The part not taken, being the property in question, was purchased by the plaintiff, and he commenced the erection thereon of a large building.

In July, 1884, during the progress of the work, the commissioners of Fairmount park caused the erection of a fence on the line between the park and the plaintiff's property, shutting him off from any access to the park or to a public highway by crossing it. At the front of his property the park drive is 5 feet from the line, and his most convenient, if not his only practicable, way of reaching a public road or street is across a narrow

NOTE.—When a grantor conveys land, a grant of a right of way will be implied, if there be no possible manner of ingress or egress to the same except by passing over his lands or by trespassing upon those of a stranger. Mullen v. Hibberd, 5 Del. Co. Rep. 10. This is true if the grantor conveys the exterior land, and retains the interior. Ogden v. Grove, 38 Pa. 491.

strip of ground to the drive, and thence by way of it to Ridge avenue or Township Line road.

The plaintiff claims a right of way, and this action is for damages for its obstruction. The only way claimed is that arising from necessity, and, upon the motion before us, this should be considered, irrespective of the technical objection that no particular way had been selected or claimed, and upon the broadest grounds of any rights the plaintiff may have.

A right of way is not limited to the grantee who has purchased land surrounded by other land of the grantor, but extends to a grantor who has conveyed land shutting himself off from a highway. Ogden v. Grove, 38 Pa. 491; Collins v. Prentice, 15 Conn. 39, 38 Am. Dec. 61; Buckey v. Coles, 5 Taunt. 311; Washb. Easements, 163; Woolrych, Ways, 20, 21, 72; 3 Kent, Com. 423, and cases there cited.

It must then be conceded that, had the plaintiff's grantor conveyed the land taken for the park to an individual without reserving a right of way, and not for a definite purpose inconsistent with such a right, he would have a right of necessity by implication of law over the land granted.

Whether such a right exists when land has been taken under the power of eminent domain does not appear to have been considered. In determining such a case it is of the first importance to ascertain the foundation and character of the right. A way of necessity does not arise from mere necessity; it does not extend to other land of the grantee, or to land of a stranger; it is not based upon public policy that land should be occupied and improved.

The reason assigned in the decision of Dutton v. Tayler, Lutw. pt. 2, p. 627, which would sustain a right irrespective of a grant, on the ground of public welfare, that land should be occupied, was not essential to the decision, and has not been accepted, but has been the subject of repeated discussion and dissent. Howton v. Frearson, 8 T. R. 50; Bullard v. Harrison, 4 Maule & S. 387; Pomfret v. Ricroft, 1 Saund. 323, note 6; 3 Kent, Com. 423.

The right of way by necessity is based upon the grant and former unity of possession, and is never irrespective of them. It is an implication of the law as to the intention of the parties, a presumption—in the absence of any expression upon the subject—that the real intent of the parties was that land should

not be conveyed or retained to which the owner had no access. Tracy v. Atherton, 35 Vt. 52, 82 Am. Dec. 621, and cases there cited; New York Life Ins. & T. Co. v. Milnor, 1 Barb. Ch. 353; Nichols v. Luce, 24 Pick. 102, 35 Am. Dec. 302; Stewart v. Hartman, 46 Ind. 331; Holmes v. Goring, 2 Bing. 76; Collins v. Prentice, 15 Conn. 39, 38 Am. Dec. 61; Collins v. Prentice, 15 Conn. 423; Proctor v. Hodgson, 29 Eng. L. & Eq. Rep. 453; 2 Washb. Real Prop. 306; 2 Greenl. Ev. 658.

It is said in Collins v. Prentice, 15 Conn. 39, 38 Am. Dec. 61: "Although it is called a way of necessity, yet in strictness the necessity does not create the way, but merely furnishes evidence as to the real intention of the parties;" and "it arises from a fair construction of the deed as to the presumed intent of the parties, and it affects nobody but the parties to the deed, or those claiming under them." Collins v. Prentice, 15 Conn. 423. In Nichols v. Luce, 24 Pick. 102, 35 Am. Dec. 302: "Necessity is only a circumstance resorted to for the purpose of showing the intention of the parties, and raising an implication of a grant, and the deed of the grantor as much creates the way of necessity as it does the way by grant. The only difference between the two is, that one is granted in express words, and the other only by implication." It seems to be well settled in England and in this country that a right of way of necessity, by implication of law, is founded upon a grant, and arises as an implied reservation or grant between the parties.

It logically follows that there can be no implication of a reservation of a way where land is conveyed for a specific purpose, and its use for such purpose is incompatible with any reserved right in the grantor, as a directly opposite intention must have been in the minds of the parties.

This question was considered in Seely v. Bishop, 19 Conn. 134, where a right of way was claimed over land which had been granted for the purpose of the construction of a canal, and it was held that the grantee could not have a way by necessity inconsistent with the object of the purchase. In deciding the case, ELLSWORTH, J., says: "The whole piece or strip of land was purchased, as the deed discloses, for a canal to be used for that purpose, without any reservation. In such case, the law will not imply any; certainly not one that is inconsistent with the object of the purchase. Suppose the land had been purchased in express terms, to be occupied by a building, and is afterwards

so occupied, will the law imply a right of way over or through it? No more will it through a canal. Such an implication is inconsistent with the express agreement, as well as the manifest object of the purchaser and would destroy the value and purpose of the purchase."

In the application of these principles to the case of the taking of private property for public purposes, there is wanting a grant as the foundation of an implied agreement, and the taking is for a specific use, well defined and understood, and usually, if not always, inconsistent with the reservation of any special right by the former owner. It may be said that the state, or the party to whom, for the purpose, her right has been delegated, is in the position of a compulsory purchaser, but there has been no grant as the consequence of an agreement.

There has been no consent, no contract, no terms expressed, but a taking, by virtue of a power whose exercise has but one limitation: that compensation should be made.

The relation of the parties furnished no logical ground for the implication of an agreement; and if a purely artificial and arbitrary one is established, it will be a new limitation on the exercise of the power of eminent domain.

The well-established rule by which compensation is fixed includes, not only the value of the land taken, but all injury to that which remains. By acts of assembly of March 26, 1867, and April 14, 1868, the land included within the boundaries of Fairmount park were vested in the city of Philadelphia, "To be laid out and maintained forever as an open public place or park for the health and enjoyment of the people of said city and the preservation of the purity of the water supply of the city of Philadelphia." Commissioners are authorized to vacate existing roads and streets, and to open others, and manage and lay out the park. Eighteen different rules for the regulation of the park are fixed by the acts; among them, one providing that "no person shall enter or leave the park except by such gates or avenues as may be for such purpose arranged;" another, that "no wagon or vehicle of burden or traffic shall pass through the park, excepting upon such road or avenue as shall be designated by the park commission for burden transportation;" and another, that "no one shall ride or drive thereon upon any other than the avenues and roads."

The general purpose for which the park was created, and the

specific regulations for its government fixed by the acts of assembly preclude the thought of any intention that the land taken should be subject to any right of way, and one cannot be said to exist in this case. There is a special objection to the plaintiff's case going to its merits, which seems also fatal to it. The jury to assess damages reported: "The following damages are awarded, inclusive of all right and title of the said Ivan Prowattain to the Wissahickon creek and all roads and highways, subject to the exhibition of a good title by the claimant." The award of $33,000 was paid and a quitclaim deed given. The verdict of the jury and the terms of conveyance may be conclusively presumed to cover the loss in value resulting from any deprivation of access.

Rule discharged.

The plaintiff brought error.

*Amos Briggs,* for plaintiff in error.—If one grant a parcel of land which is so connected with another parcel belonging to him that he can have access to the latter only over the granted parcel, the law reserves to him a right to pass over the same. Washb. Easements, 4th ed. 43.

A right of way will be raised between the parties to the transfer of one of two or more estates, or parts of estates, where the part granted or retained can be reached only over the other part. Id. 236.

So in 3 Kent, Com. 420–423, it is said: The right of the grantor over the land he has sold, to his remaining land, must be founded upon an implied restriction, incident to the grant, and that it cannot be supposed that the grantor meant to deprive himself of all use of his remaining land. This would be placing the right upon a reasonable foundation and one consistent with the general principles of law.

The same doctrine is maintained in Woolrych on Ways, 19–23, and in our own cases of Ogden v. Grove, 38 Pa. 487; Pennsylvania R. Co. v. Jones, 50 Pa. 417; Wissler v. Hershey, 23 Pa. 333; Plitt v. Cox, 43 Pa. 486; Francies's Appeal, 96 Pa. 208.

The following cases are also in accord with our own cases: Stewart v. Hartman, 46 Ind. 331; Collins v. Prentice, 15 Conn. 423; Nichols v. Luce, 24 Pick. 102, 35 Am. Dec. 302; New

York Life Ins. & T. Co. v. Milnor, 1 Barb. Ch. 353; Tracy v. Atherton, 35 Vt. 52, 82 Am. Dec. 621.

*Charles B. McMichael, Charles F. Warwick,* and *Samuel C. Perkins,* for defendant in error.—All elements of damages should be presented to the commissioners or jury assessing the damages. The appraisement embraces all past, present, and future damages which the improvement may thereafter reasonably produce. Mills, Em. Dom. § 216, 2d ed. p. 415.

As to future damages, we must presume that the jurors included everything that was a legitimate subject of inquiry. Tucker v. Erie & N. E. R. Co. 27 Pa. 283.

In assessing damages against a railroad company, all such natural and probable consequences of the works in producing injury as would fairly arise to the mind of an intelligent viewer must be allowed for. Pittsburg, Ft. W. & C. R. Co. v. Gilleland, 56 Pa. 445, 94 Am. Dec. 98.

A way of necessity cannot be pleaded generally, without showing the manner in which the land over which the way is claimed is charged with it. Bullard v. Harrison, 4 Maule & S. 387.

A way of necessity extends only to a single way, and it must be a way of strict necessity. M'Donald v. Lindall, 3 Rawle, 492.

Evidence necessary to establish a right of way over the land of another is discussed in Arnold v. Cornman, 50 Pa. 361; Stuber's Road, 28 Pa. 199; McFerren v. Mont Alto Iron Co. 76 Pa. 180; Connery v. Brooke, 73 Pa. 80; Ogden v. Grove, 38 Pa. 487.

In the case of Arnold v. Cornman, 50 Pa. 366, Judge Strong says in his opinion: There was no error in instructing the jury that the plaintiff must show how and in what way he passed over to the well. By a loose and rambling way of passing over the lot sometimes in one way and sometimes in another, he could not acquire a right.

Per Curiam:

The facts of this case negative any implied reservation of the right of way now claimed. The opinion of the learned judge in disposing of the rule to take off nonsuit, contains a clear and correct statement of the law applicable to the case.

On that opinion, the judgment is affirmed.